## AVONDALE MOTOR Co v DONOVAN

Ohio Appeals, 1st Dist, Hamilton Co

No 5352. Decided February 28, 1938

Dolle, O'Donnell & Cash, Cincinnati, for appellant.

Charles C. Boyle, Cincinnati, for appellee.

## OPINION

By ROSS, PJ.

Appeal on questions of law from the Court of Common Pleas of Hamilton county, Ohio.

It is somewhat difficult to exactly state the nature of the action considering the petition alone. It is asserted by the plaintiff to have initiated a proceeding to secure a declaratory judgment. It is susceptible of such construction, although it also could be considered to include a claim based upon a breach of contract.

Other relief beyond a declaration of rights was prayed for.

The answer and cross-petition are simple replies and cross-claims upon the contract forming the basis for the petition.

No procedural question was seasonably raised.

We consider the case here, therefore, upon the theories adopted by the parties in the trial court.

Briefly stated, the facts developed by the record are:—The plaintiff and defendant entered into an agreemet, whereby the defendant agreed to purchase a new truck for a certain sum, part of which was immediately paid in cash, part by the acceptance of a used truck of the defendant, and the balance was to be paid upon delivery of the new truck.

It was agreed between the parties that the used truck was to remain in the posession of the defendant, to be used by him until delivery of the new truck.

It was clearly understood and agreed by the parties, and about this there can be no question, that when the used truck was eventually delivered to the plaintiff, a reappraisal should be made. It does not appear by whom, presumably the plaintiff.

The intervention of an unusual flood prevented the closing of the transaction when contemplated, and at the dequest of the defendant, delivery of the new truck was delayed until after the water had abated and the defendant returned to his usual place of business, from which he had been driven by the high water.

While the defendant was occupying temporary quarters, the used truck was parked upon a side street above the level of the flood. The plaintiff found the truck, examined it, and concluded it had deteriorated from exposure, and would continue to lose value if permitted to remain unprotected from the weather and vandals. The truck was taken by plaintiff to its garage, and about one-half day spent by its employees in attempting to restore it to serviceable condition. When found by plaintiff on the street, the engine showed damage from freezing, and even after having spent labor and material, it could not be made to function properly.

The plaintiff communicated with defendant and notified him that upon reappraisal, as permitted by the contract, the truck was then considered to be worth $100.00 less than when first appraised and that the allowance for the used truck was reduced by such sum. The defendant refused to consent to a reappraisal or to the deduction, and offered to perform the contract upon the original basis. The parties were wholly unable to agree, and after the defendant had returned to his regular place of business the plaintiff brought back the used truck, tendered a check for the deposit to the defendant's bookkeeper, and upon the refusal of the employees of the defendant to accept either, left the truck near the defendant's place of business. The attorney of defendant notified plaintiff that the truck was its property, and upon receipt of such notice, plaintiff called for the truck and placed same in a public garage.

The defendant has continuously offered to perform the original contract upon the basis of the first appraisal and in lieu of compliance with the terms of such contract as so construed, demands the value of the used truck.

The jury returned a verdict, placing the value of the truck at the amount of the first appraisal.

When the plaintiff took the truck from the street and worked upon same for one-half day, making changes and repairs, and later re-taking it from defendant's premises, thereupon it exercised such dominion over the same as to convert it to its own use. The truck from that time, at the election of the defendant, became the property of the plaintiff. The defendant has elected to so consider it. When the defendant refused to agree to a reappraisal of the used truck, he breached the contract with the plaintiff, and, at the election of the plaintiff can claim no rights under such contract. The plaintiff by its actions has acquiesced in a breach and rescission of the contract by the defendant.

It therefore remains only to determine the value of the truck, which the plaintiff by its acts has acquired as its own property.

An examination of the record fails to disclose that the damages awarded for the conversion of the truck by the plaintiff are excessive, and the judgment is affirmed.

HAMILTON & MATTHEWS, JJ, concur.